UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY L. SMITH, Personal
Representative of the Estate of
Rose Mary Washam, Deceased,

    Plaintiff,       Case No. 2:CV 05-71194

vs.              Hon. Nancy G. Edmunds

AU SABLE VALLEY COMMUNITY   Magistrate Judge Scheer
MENTAL HEALTH SERVICES,

    Defendants.

_____/

| JOSEPH F. LUCAS (P29595) | PATRICK A. ASELTYNE (P23293) |
|---|---|
| Skupin & Lucas, P.C. | Johnson, Rosati, LaBarge, Aseltyne |
| Counsel for Plaintiff |   & Field, P.C. |
| 155 W. Congress, Suite 350 | Attorney for Defendant AVCMHS |
| Detroit, Michigan 48226 | 303 S. Waverly Road |
| (313) 961-0425 | Lansing, Michigan 48917 |
| | (517) 886-3800 |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

  NOW COMES Plaintiff, Mary L. Smith, Personal Representative of the Estate of Rose Mary Washam, Deceased, by and through her attorneys, Skupin & Lucas, P.C., and for her Complaint, states:

**JURISDICTIONAL ALLEGATIONS**

  1. Plaintiff, Mary L. Smith, was issued Letters of Authority appointing her the Personal Representative of the Estate of Rose Mary Washam, Deceased, by the Iosco County Probate Court on May 21, 2004.

2. Plaintiff, Mary L. Smith, Personal Representative of the Estate of Rose Mary Washam, Deceased (hereinafter "Plaintiff"), is a resident of the City of Detroit, County of Wayne, State of Michigan.

3. Defendant, Au Sable Valley Community Mental Health Services (hereinafter "AVCMH"), is a governmental entity created pursuant to M.C.L. 330.1204 et seq; M.S.A. MSA 14.800(204), which maintains its principal place of business in the City of Tawas, County of Iosco, State of Michigan.

4. AVCMH owned and operated the River Bend Adult Foster Care Home located at 4591 East F-41, Oscoda, Michigan.

5. The amount in controversy is in excess of $75,000.

6. Jurisdiction of this cause is founded upon 28 U.S.C. 1983 and 1343(3).

## FACTUAL ALLEGATIONS

7. The AVCMH operates a residential community mental health program, as a not for profit mental health system providing services to emotionally disturbed, developmentally disabled and chemically dependent individuals and operates several adult foster care homes in Iosco, Oscoda and Arenac counties, which are funded, in principal part, by the Medicaid program. 42 U.S.C. § 1396.

8. As a community mental health authority, AVCMH is obligated to comply with both federal statute and state law which creates a "bill of rights" for recipients of mental health services, including the Mental Health Systems Act, 42 U.S.C. § 9501 et seq; the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15009; the Restatement of Bill of Rights, 42 U.S.C. § 10841; the Rights of Recipients of Mental Health Services Act, M.C.L. 330.1700 et seq; MSA 14.800(700).

9. AVCMH operated the River Bend Adult Foster Care (AFC), a six (6) bed adult foster care home, located at 4501 East F-41, Oscoda, Michigan.

10. Plaintiff's decedent, Rose Mary Washam, was a 58 year old client of AVCMH, having an intake date of January 22, 1987; she came to AVCMH from an institutional setting and resided in another AVCMH group home before arriving at River Bend in the early 1990's.

11. Based on her Person Centered Plan, dated October 3, 2002, Rose Mary Washam had the following diagnoses: 1) profound retardation, b) seizure disorder, and c) major depression; her Global Assessment of Functioning established that she required physical assistance in all areas of self care.

12. Because of her limitations, Rose Mary Washam was at high risk for water burns due to her complete dependency on the staff, total lack of safety awareness and her inability to speak.

13. Defendant, Judith Muller, was employed by AVCMH as direct care staff at River Bend on the morning of January 7, 2003.

14. While preparing breakfast, at approximately 8:00 a.m., Ms. Muller commented to Ms. Bricker that the water at the kitchen sink "seems a lot warmer today"; at 8:45 a.m., Ms. Bricker, who was washing her hands at the kitchen, also noted that the water at the kitchen sink was exceptionally hot; at approximately 9:00 a.m., Ms. Bricker again observed to Ms. Muller that the water at the kitchen sink was exceptionally hot and that "someone could get burnt."

15. The River Bend AFC was equipped with a gas-fired hot water boiler that provides both heat for the building and domestic hot water; the hot water maker is a storage vessel which was controlled by a White Rodgers thermostat, being model number 156-226669; this thermostat was installed in the system in February, 2002.

16. This thermostat was designed to control the flow of water from the boiler and control water temperatures and to prevent those temperatures from exceeding 130 degrees.

17. The thermostat failed in the "on" position and, as a result, caused the water in the water maker to reach 176 degrees.

18. At 9:15 a.m., Ms. Muller took Rose Mary Washam to the first floor bathroom and administered a shower.

19. Because of the failure of the hot water thermostat, the shower water was exceptionally hot, reaching a temperature of 176 degrees, and causing a severe scald injury to Rose Mary Washam.

20. Following the shower, Rose Mary Washam was observed to be crying, had several layers of skin peeled back from her face towards her ears, her shoulders were pure white, and her legs were red with skin peeled off of her legs.

21. Rose Mary Washam was transported to Tawas St. Joseph Hospital for emergency treatment; she was then transferred to Hurley Medical Center in Flint.

22. As a result of the scald injury, Rose Mary Washam received second and third degree burns to 65% of her body.

23. Rose Mary Washam died at Hurley Medical Center on February 3, 2003 as a result of complications of burns.

## COUNT I

### (DEPRIVATION OF SUBSTANTIVE DUE PROCESS)

24. Plaintiff hereby incorporates by reference each and every allegation set forth above as though fully set forth herein, paragraph by paragraph and word for word.

25. Under federal statute, no person, under color of state law, may deprive a person of any rights, privileges or immunities secured by the Constitution and laws. 28 U.S.C. 1983.

26. The United States Constitution unambiguously creates a liberty interest in recipients of mental health services. See Youngberg v. Romeo, 457 U.S. 307, 342 (1982).

27. The constitutional right asserted by the Estate of Rose Mary Washam is the right to a humane treatment environment that affords reasonable protection from burns during activities of daily living, such as showers.

28. The treatment, provided to Plaintiff's decedent by AVCMH through its employees, amounted to a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the responsible person did not base their decision on such a judgment.

WHEREFORE, Plaintiff prays that this Honorable Court will enter a judgment against Defendants and award costs, fees and interest so wrongfully incurred.

## JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys, Skupin & Lucas, P.C., and herewith makes demand for trial by jury.

Respectfully submitted,

s/Joseph F. Lucas
Skupin & Lucas, P.C.
155 W. Congress, Suite 350
Detroit, Michigan  48226
(313) 961-0425
patorth@skupinlucas.com
[P29595]

Dated:  June 12, 2006

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Patrick A. Aseltyne.

                                             s/Joseph F. Lucas
                                             Skupin & Lucas, P.C.
                                             155 W. Congress, Suite 350
                                             Detroit, Michigan  48226
                                             (313) 961-0425
                                             patorth@skupinlucas.com
                                             [P29595]