UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY L. SMITH, PERSONAL
REPRESENTATIVE OF THE ESTATE OF            Case No. 05-71194
ROSE MARY WASHAM, DECEASED,

       Plaintiff,                              Honorable Nancy G. Edmunds

v.

AuSABLE VALLEY COMMUNITY MENTAL
HEALTH SERVICES,

       Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER DISMISSING
JUDITH ANN MULLER AS A DEFENDANT [55]**

This matter is before the Court on Plaintiff's motion, brought pursuant to Fed. R. Civ.

P. 60(a), to vacate a Stipulated Order [29] dismissing Judith Ann Muller as a Defendant

with prejudice and without costs.   The Court finds that the facts and legal arguments are

adequately presented in the motion and briefs and that the decision process will not be

significantly aided by oral argument.   Thus, pursuant to E.D. Mich. L. R. 7.1(e)(2), it is

hereby ORDERED that the motion shall be resolved as submitted.  For the reasons stated

below, Plaintiff's motion to vacate the Stipulated Order is DENIED.

It is undisputed that Plaintiff's claims accrued on January 7, 2003, the date Rose

Washam was severely burned.  Letters of Authority were issued to Plaintiff on May 21,

2004, and this lawsuit was filed on March 28, 2005.

The initial complaint alleged federal and state law claims against Defendants Au Sable

Community Mental Health Services, Judith Ann Muller, and Emerson Electric Co.  On April 15, 2005, this Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismissed them without prejudice.  (4/15/05 Order, Docket No. 5.)  A state court action was subsequently filed in Iosco County Circuit Court alleging state law claims, including a claim of gross negligence against Judith Muller.

The sole remaining claim before this Court was Plaintiff's claim, brought pursuant to 42 U.S.C. § 1983, alleging a substantive due process violation.  Defendant Judith Muller filed an answer to Plaintiff's complaint in this action on May 6, 2005.  (Docket No. 11.)  She also filed a witness list on August 1, 2005.  (Docket No. 21.)

On December 19, 2005, the Court entered a Stipulated Order dismissing Defendant Judith Ann Muller with prejudice and without costs.  (Docket No. 29.)  The cover letter from Ms. Muller's counsel to Plaintiff's counsel provided that:

> I am submitting this 7-Day Order pursuant to our understanding that the claims against Ms. Muller were resolved pursuant to the Order entered by the Court regarding Plaintiff's state law claims.  We were informed by the Court that we were required to submit a written Order to dismiss Ms. Muller and that this fact was discussed amongst the Parties and the Court at the last Status Conference.  Mr. Galica believes that he discussed this matter with you, however, if this is not your understanding, please contact me so that we may resolve the issue.  I look forward to hearing from you.

(Pl.'s Mot., Ex. 3, 12/15/05 letter.)  Apparently, the parties agreed to dismiss, with prejudice, any federal claims that were or could have been asserted against Defendant Muller in this action.  Plaintiff did not object to the Stipulated Order that was entered on December 19, 2005 or seek reconsideration of that Order within ten days after its entry.

Despite Plaintiff's claims to the contrary, the dismissal with prejudice of Defendant Judith Muller from this action alleging a violation of Rose Mary Washam's substantive due

process rights was not the result of a clerical error that can be corrected with a motion brought pursuant to Rule 60(a).  The Sixth Circuit has observed that "[t]he basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission."  *In re Walter*, 262 F.3d 434, 440 (6th Cir. 2002) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854, at 240 (2d ed. 1995)).  "The rule does not, however, authorize the court to . . . otherwise correct an 'error[ ] of substantive judgment.'"  *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990)).  This Court's December 19, 2005 Order  of dismissal with prejudice is a decision on the merits.  "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."  Fed. R. Civ. P. 41(b).  Plaintiff's arguments to the contrary are without merit.[1]

Plaintiff's motion to vacate is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 20, 2006

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 20, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[1]In light of this ruling, it is not necessary to address Defendant Muller's additional argument for denial of Plaintiff's motion to vacate on statute of limitation grounds.

3