UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY L. SMITH, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
ROSE MARY WASHAM, DECEASED,

Case No. 05-71194

Honorable Nancy G. Edmunds

    Plaintiff,

v.

AuSABLE VALLEY COMMUNITY MENTAL
HEALTH SERVICES,

    Defendant.
_____/

**ORDER STRIKING DEFENDANT'S NOTICE OF RENEWAL OF MOTION FOR SUMMARY JUDGMENT [59] AND REQUIRING DEFENDANT TO FILE A NEW MOTION FOR SUMMARY JUDGMENT AS REQUIRED UNDER COURT'S SCHEDULING ORDER [52]**

    This matter came before the Court at a telephonic status conference held on October 5, 2006.  In compliance with a Scheduling Order [52] issued after that status conference, Defendant filed a notice of withdrawal of its pending motion for summary judgment without prejudice to its right to file a new motion.  This was done to give the Court the opportunity to address the issue of Defendant Judith Miller's dismissal as a party Defendant.  This Court subsequently denied Plaintiff's motion to vacate an earlier Order dismissing Judith Ann Muller as a Defendant [58].

    On December 28, 2006, rather than filing a new motion for summary judgment as ordered [52], Defendant Au Sable Valley Community Mental Health Services filed a notice of renewal of its prior motion for summary judgment [59].  Defendant's notice is hereby STRICKEN.

Defendant is to file a new motion for summary judgment that addresses Plaintiff's sole remaining federal claim, brought under 42 U.S.C. § 1983, alleging the deprivation of Rose Mary Washam's substantive due process rights as guaranteed by the Fourteenth Amendment and recognized in *Youngberg v. Romeo*, 457 U.S. 307 (1982), and *Terrence v. Northville Regional Psychiatric Hospital*, 286 F.3d 834, 848 (6th Cir. 2002).[1] Defendant is to specifically address the Sixth Circuit's observation in *Doe v. Clairborne County*, 103 F.3d 495, 509 (6th Cir. 1996), that the State's affirmative duty to provide a reasonably safe environment for the involuntarily committed, which is triggered when the State takes a person into its custody, "does not depend upon a finding of a custom or policy."

Defendant must also distinguish, as the Sixth Circuit did in *Terrance*, 269 F.3d at 842-44, 847-48, between Eighth and Fourteenth Amendment claims, apply the appropriate standard recognized by the Courts for analyzing Plaintiff's Fourteenth Amendment substantive due process claim, and address municipal liability under such a claim. This Court has previously discussed the proper standard for determining whether the State adequately has protected the rights of the involuntarily committed.  *See* 5/16/06 Order, Docket # 41, at 13-19 (discussing *Youngberg* and *Terrance* decisions).  Defendant must address how this analysis is to be applied to Plaintiff's claim for municipal liability.

Plaintiff's response brief and Defendant's Reply to Defendant's new motion for summary judgment shall be filed in accordance with this Court's Local Rules.

---

[1] This Court has previously held that Plaintiff cannot assert a § 1983 claim based on the three federal statutes mentioned in her Amended Complaint (¶ 8); i.e., 42 U.S.C. § 15009(3)(B)(i), 42 U.S.C. § 9501(1)(G), and 42 U.S.C. § 10841, because they do not create individual federal rights enforceable under 42 U.S.C. § 1983.  (5/16/06 Order, Docket # 41, at 7-12.)

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 26, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager